IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADAM HILL                                                                    PLAINTIFF
ADC #601559

V.                              Case No. 4:25-CV-01205-LPR-BBM

CARNARD, Nurse, WellPath Medical Co.,
ADC; and E. HOWARD, Clerk, WellPath
Medical Co., *ADC*                                                          DEFENDANTS

## <u>ORDER</u>

### I.    INTRODUCTION

On November 17, 2025, Plaintiff Adam Hill, a prisoner in the Grimes Unit of the

Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C.

§ 1983, alleging he was being denied adequate medical care for his pemphigoid in

retaliation for grievances and lawsuits he had filed. (Doc. 2). The undersigned magistrate

judge conducted an initial screening of the Complaint pursuant to the Prison Litigation

Reform Act ("PLRA")[1] and made a Recommendation. (Doc. 11).

Hill did not file objections to the Recommendation; instead, he filed two Motions

to Amend Complaint, (Docs. 12, 13), a Motion to Add Evidence, (Doc. 14), and a Motion

to Add Defendant and Relevant Evidence, (Doc. 15). After United States District Judge

Lee P. Rudofsky adopted the Recommendation with modifications, (Doc. 17), Hill was

allowed to proceed with his individual-capacity medical-deliberate-indifference claims

---

[1] The PLRA requires federal courts to screen prisoner complaints and to dismiss any claims that:
(a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b).

against Nurse Canard for events occurring during a June 2, 2025 sick-call visit and against Ms. Howard based on allegations that she stopped looking for a periodontist to see Hill for his pemphigoid. (Doc. 17). Hill's medical-deliberate-indifference claims against Periodontists Thomas Jackson and Thompson, Dr. Smith, Nurse Reed, CNA Delgado, and Ms. Howard; retaliation claims; and claim against Wellpath Medical Corporation were dismissed without prejudice for failure to state a claim for relief. *Id.*; *see* (Doc. 11 at 6–13). Hill's Motions for Preliminary Injunction, (Docs. 3, 4, 7)—in which Hill requested to be "put back on [] pain medication and promptly…treated by an outside provider," (Doc. 7 at 10)—were denied.[2] (Doc. 17 at 2).

The Motions to Amend and Add Evidence, (Docs. 12–15), were sent back to the undersigned for consideration in the first instance. (Doc. 17 at 1 n.1). Judge Rudofsky also noted that "this case seems serious enough to appoint pro bono counsel for Plaintiff if Plaintiff would like such an appointment." *Id.* at 2. Hill has since filed two Motions for Appoint of Counsel. (Docs. 24, 27). Before appointing counsel for Hill, the Court takes up the pending *pro se* Motions.[3]

---

[2] In denying the request for preliminary injunctive relief, Judge Rudofsky noted:

Plaintiff is very far from showing a likelihood of success on [his claim against Ms. Howard]—especially considering that Plaintiff is asking for relief that would change (as opposed to preserve) the status quo and give him much of what he ultimately wants before the case is fully litigated.

(Doc. 17 at 2).

[3] Hill has also filed a new Motion for Preliminary Injunction and Temporary Restraining Order, (Doc. 26), which the Court will address in a forthcoming recommendation. *See* 28 U.S.C. § 636(b)(1)(A).

## II.    DISCUSSION

### A.    Motions for Leave to Amend (Docs. 12, 13)

The federal rules state that the Court should freely give leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend, however, may appropriately be denied where there are "compelling reasons," such as "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 358–59 (8th Cir. 2011).

#### 1.    First Motion for Leave to Amend, (Doc. 12)

In his first Motion for Leave to Amend his Complaint, Hill stated that he would like to add "Horan, Teague, Jackson, Kerstein[,] and Freeman" as Defendants to this action. (Doc. 12). He attached a proposed amended complaint. (Doc. 12-1). Shortly thereafter, Hill filed another Motion for Leave to Amend, because he "received a couple more exhausted grievances he wanted to add." (Doc. 13). Accordingly, the first Motion for Leave to Amend is denied as moot.

#### 2.    Second Motion for Leave to Amend, (Doc. 13); Motion to Add Evidence, (Doc. 14); and Motion to Add Defendant and Evidence, (Doc. 15)

Hill's second Motion for Leave to Amend, (Doc. 13), does not "contain a concise statement setting out what exactly is being amended in the new pleading." LOCAL RULE 5.5(e). But, drawing context from Hill's first Motion for Leave to Amend, (Doc. 12), and Motion to Add Defendant, (Doc. 15 at 1), and based on a review of the proposed Amended Complaint, (Doc. 13-1), the Court assumes Hill seeks to add claims against Medical

3

Director Chris Horan, Health Services Administrator Lynda Teague, Director of Nursing Ashley Jackson, "Provider Scheduler" Ms. Freeman, and "Doctor or APN" Gary Kerstein.[4] (Doc. 13-1 at 13, 19). The allegations against the newly proposed Defendants revolve around Hill's visits with Dr. Kerstein in January and February 2026. *See* (Doc. 13-1 at 14–15, 17–18, 25–28, 36–37).

January 2026 Allegations. During a January 20, 2026 visit, Dr. Kerstein discontinued Hill's seizure and pain medication. *Id.* at 14. Hill claims that Freeman, HSA Teague, and Director Jackson should not have scheduled (or allowed him to be scheduled) an appointment with Dr. Kerstein because they knew Hill and Dr. Kerstein had a "bad" and contentious past. *Id.* at 14, 25. He claims this is all retaliatory conduct. *Id.*

It would be futile to allow Hill to add these new allegations to his Complaint because they do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the allegations on which he is currently proceeding. FED. R. CIV. P. 20(a)(2). Hill is proceeding on claims that he was denied adequate medical care for his pemphigoid; his claims regarding the denial of seizure and pain medication are too far attenuated to proceed in the same action. Although Hill tries to group the claims together under a general umbrella of "retaliation," he has provided no plausible allegations that would cause the Court to revisit the already-dismissed retaliation claims. *See* (Doc. 11 at 11–12); (Doc. 17).

---

[4] Hill also raises new allegations against "Doctors 'Hassenphlug and Harris,'" (Doc. 31-1 at 16, 31), but does not name them as Defendants.

February 2026 Allegations. Unlike the January visit with Dr. Kerstein, the February allegations do pertain to the denial of medical care for Hill's pemphigoid. Hill alleges that, on February 9, 2026, "defendants put [him] back on the list to see Kerstein." (Doc. 13-1 at 17). Hill was supposed to be seen for a rash related to his pemphigoid, but Hill refused treatment because he was worried Dr. Kerstein would take Hill's medications again. *Id.*

By February 12, Hill's rash had gotten so bad that he agreed to see Dr. Kerstein. (Doc. 13-1 at 17). However, Hill left the appointment early because he did not like Dr. Kerstein's "hostile tone." *Id.* He claims Dr. Kerstein's actions on that date constituted deliberate indifference and retaliation. *Id.* at 18.

It would be futile to allow Hill to add these new allegations to his Complaint because they do not state a claim for relief. To state a claim based on medical deliberate indifference, Hill must allege facts showing Dr. Kerstein deliberately disregarded his serious medical needs. *Dantzler v. Baldwin*, 133 F.4th 833, 846 (8th Cir. 2025). Although this can be shown in a variety of ways, it generally may be shown through "grossly incompetent or inadequate care," a "decision to take an easier and less efficacious course of treatment," or "intentionally delayed or denied access to medical care." *Id.* Because Hill prematurely terminated the February 12 visit, *he* caused any lack of medical care on that date. Accordingly, he cannot show that Dr. Kerstein denied medical care, provided inadequate medical care, or was otherwise deliberately indifferent to Hill's serious medical needs on that date. Hill's conclusory allegation of retaliation also does not state a claim for relief. Accordingly, to the extent Hill seeks to add additional Defendants and claims, the second Motion for Leave to Amend, (Doc. 13), is denied as futile.

However, because Hill's proposed Second Amended Complaint adds additional allegations and context to the claim he is already proceeding on against Ms. Howard, *see* (Doc. 13-1 at 12), his Second Motion for Leave to Amend will be granted to the extent that the proposed Second Amended Complaint will be docketed, and it will become the operative complaint in this action. However, Hill's claims remain limited to his individual-capacity medical-deliberate-indifference claims against Nurse Canard for events occurring during a June 2, 2025 sick-call visit and against Ms. Howard based on allegations that she stopped looking for a periodontist to see Hill for his pemphigoid.

Hill's combined Motion to Add Evidence and for Copies, (Doc. 14), and combined Motion to Add Defendant and Evidence, (Doc. 15), are granted to the extent that the attached grievances remain on the docket. The Motions are otherwise denied.

### B.      Motions to Appoint Counsel (Doc. 24-1), (Doc. 27)

Hill has filed two Motions to Appoint Counsel. (Docs. 24-1, 27). Judge Rudofsky has already determined that appointment of pro bono counsel is appropriate and directed the undersigned to appoint suitable counsel if Hill desired counsel. (Doc. 17 at 2). Accordingly, Hill's Motions to Appoint Counsel are GRANTED.

The Court appoints Russell A. Wood as counsel for Hill. The Court will no longer accept for filing any *pro se* pleadings submitted by Hill—instead, all future pleadings must be filed and signed by his appointed counsel. *See* LOCAL RULE 5.5(c)(1) ("Every pleading, motion, or other paper (except a *pro se* motion to discharge an attorney) filed [o]n behalf of a party represented by counsel shall be signed by at least one attorney of record[.]").

This *pro bono* civil appointment is made pursuant to Attorney Wood's position on the Eastern District of Arkansas's Criminal Justice Act (CJA) Panel.[5]

## III.    CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.    Hill's first Motion for Leave to Amend, (Doc. 12), is DENIED as moot.

2.    Hills's second Motion for Leave to Amend, (Doc. 13), Motion to Add Evidence and Motion for Copies, (Doc. 14), and Motion to Add Defendant and Add Relevant Evidence, (Doc. 15), are GRANTED in part and DENIED in part.

3.    The Clerk of the Court is directed to docket Plaintiff's proposed "Second Amended Complaint," (Doc. 13-1), as his "Amended Complaint." No additional defendants should be added, and no terminated parties should be reinstated.

4.    Plaintiff's Motions to Appoint Counsel, (Doc. 24-1), (Doc. 27), are GRANTED.

5.    Russell A. Wood of Wood Law Firm, PA, 501 East Fourth Street, Suite 4, Russellville, Arkansas 72801, is APPOINTED to represent Plaintiff in this § 1983 action.[6]

6.    The Clerk is directed to send Attorney Wood a copy of this Order, Local Rules 83.6 and 83.7. If Attorney Wood is unable to obtain the remainder of the file from

---

[5] The Public Notice Concerning CJA Panel Membership notes that "CJA attorneys will be required to accept one *pro bono* civil appointment during their three-year term of service." A copy of the Public Notice is available on the Court's website: https://www.are.uscourts.gov/sites/are/files/CJA%202024%20Panel%20Notice.pdf (last accessed June 30, 2026).

[6] Despite the appointment of pro bono counsel, service of the Amended Complaint will be attempted through the Court. *See* 28 U.S.C. § 1915(d).

CM/ECF, he should contact Judge Moore's Chambers, and a copy of the file, or any portion thereof, will be provided to him free of charge.

7.      The Clerk is directed to refrain from docketing any future *pro se* pleadings submitted by Hill.

8.      The Clerk is directed to send a copy of this Order and the docket sheet to Hill.

SO ORDERED this 30th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

8